| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

CHRISTINA ENG EVINER,

                Plaintiff,

– against –

YOKETING ENG, et al.,

                Defendants.

**MEMORANDUM & ORDER**

13-CV-6940-ERK

KORMAN, *J.*:

    I assume familiarity with the facts underlying these Rule 72(a) objections. Briefly, Magistrate Judge James Orenstein imposed a "constructive trust" on certain assets held by defendants Yoketing Eng and Trinh Eng. Specifically, he ordered that $1,800,000 in funds be held in a segregated account at Valley National Bank, and that the funds may be disbursed only pursuant to court order. ECF No. 196-1, 2. Judge Orenstein's order also prohibits the sale, mortgage, or encumbrance of Yoketing and Trinh's numerous Brooklyn properties and requires that rental income from those properties be deposited into the segregated account. *Id.* at 3. Judge Orenstein also denied Yoketing and Trinh's motion to vacate or modify the constructive trust, after "conclude[ing] that [Yoketing and Trinh] have not established that they would suffer any cognizable harm from the [] constructive trust" and that they have not submitted "credible evidence" evincing a hardship, "nor have they credibly explained how they sustain their claimed personal expenses with the income and assets they have disclosed." ECF No. 191. Moreover, Judge Orenstein observed that Yoketing and Trinh are "free to seek the release of funds, on a showing of good cause, to cover unforeseen expenses." *Id.*

Yoketing and Trinh submit four bases on which they object to Judge Orenstein's imposition of the "constructive trust." Defs.' Mem. Supp. Rule 72(a) Objections, at 14-15. They first argue that the amount of funds "now in constructive trust are more than adequate to satisfy a prospective judgment [of $700,000] without encumbering the four properties, rental income or salary in a bank account." Defs.' Mem. Supp. Rule 72(a) Objections, at 14-15. This argument fails to take into account that Christina does not seek merely $700,000, but rather $2.1 million plus attorney's fees. *See* Fredrick Biehl Decl. Ex. 13, 5; Second Am. Compl. at ¶ 71(c). Yoketing and Trinh's reference to $700,000 is thus misplaced and not a proper basis on which to deem Judge Orenstein's order clearly erroneous. Moreover, Yoketing and Trinh may seek modification of the constructive trust with Judge Orenstein at any time in the event that Christina's potential damages decrease over the course of litigation.

Yoketing and Trinh next argue that Judge Orenstein erred in failing to vacate or modify the constructive trust because Yoketing and Trinh cannot meet the requirements of the constructive trust while still meeting their "necessary [personal] expenses." Defs.' Mem. Supp. Rule 72(a) Objections, at 14. Judge Orenstein rejected this argument based on his belief that Yoketing and Trinh have lacked candor in their communications during court proceedings and discovery. Indeed, Judge Orenstein wrote that Yoketing and Trinh "have not adequately supported, with credible evidence, their claimed [personal] expenses," nor have they "credibly explained how they sustain their claimed personal expenses with the income and assets they have disclosed." Order on Motion to Vacate, Apr. 21, 2015, Minute Entry. Nothing in Yoketing and Trinh's Rule 72(a) briefs suggests that Judge Orenstein's conclusions or impressions are clearly erroneous.

Next, Yoketing and Trinh argue that the constructive trust is improper because it imposes restrictions on "$1.8 million of loan proceeds that [Yoketing and Trinh] do not now or ever had from the two loan refinancings." Defs.' Mem. Supp. Rule 72(a) Objections, at 14. This argument is not developed but merely stated as a static fact. Yet it is unclear how this renders Judge Orenstein's order imposing the constructive trust erroneous. The order imposes a constructive trust over "assets in the amount of $1,800,000" and says nothing suggesting that the $1.8 million must come from, or is in any way connected to, loan proceeds. The amount of $1.8 million is not unreasonable as I explained earlier, and it is not particularly relevant that Christina may have initially requested a $1.8 million attachment based on her belief that Yoketing and Trinh had recently obtained that amount via loans. Pl.'s Mot. Attachment, ECF No. 183, at 3. Again, Judge Orenstein's order does not so much as use the word "loan." ECF 196-1.

The last basis for Yoketing and Trinh's Rule 72(a) objections rests on the parties' misuse of the phrase "constructive trust." Under New York law, a constructive trust is a final equitable remedy used to avoid unjust enrichment. *Sharp v. Kosmalki*, 386 N.Y.S.2d 72, 76 (1976). The imposition of a constructive trust is, in essence, an order that a wrongdoer must transfer unjustly obtained property to the rightful owner. *Beatty v. Guggenheim Exploration Co.*, 122 N.E. 378, 380 (N.Y. 1919). The wrongdoer thus holds the "trust property" as "trustee" for the "beneficiary," i.e. the rightful owner. As trustee, the wrongdoer has one primary duty: deliver the trust property to the rightful owner. The imposition of a constructive trust is equity's version of a legal order to pay money damages. *See* Black's Law Dictionary 1649 (9th ed. 2009) (collecting sources). Accordingly, the imposition of a constructive trust should follow only after a finding of wrongdoing and is in this sense a "dispositive" issue outside the scope of Judge Orenstein's authority in the present case. *See* Fed. R. Civ. P. 73. Indeed, Christina's SAC and

3

her pending motion for summary judgment seek a "cause of action" for a "constructive trust," further suggesting that the issue is dispositive. *See* Second Am. Compl. at ¶ 81.

Nevertheless, while the parties and Judge Orenstein refer to the order as a "constructive trust," the order merely imposed what is referred to as a "security attachment" under New York CPLR § 6201. N.Y. CPLR § 6201. Indeed, Judge Orenstein imposed a provisional remedy—in this case, an escrow account in which assets are held to ensure satisfaction of a possible future judgment. For example, the order requires, among other things, that Yoketing and Trinh's assets be held in a court-monitored "bank account . . . maintained and disbursed only in accordance with the provisions of this Order or upon further order of this Court." ECF No. 196-1, 2. Quite simply, this is not a constructive trust as understood under New York law. Yoketing and Trinh's objections based on the specific elements of a constructive trust are therefore irrelevant and based on the superficial mislabeling of Judge Orenstein's order.

I also note that Judge Orenstein's orders are consistent with Federal Rule of Civil Procedure 64, which states expressly contemplates the use of "attachment" "[a]t the commencement of and throughout an action" for purposes of "seizing a person or property to secure satisfaction of the potential judgment." In addition to expressly authorizing attachment, Rule 64 also authorizes use of "every remedy that is available . . . under the law of the state where the court is located." In this case, New York offers prejudgment attachment via CPLR § 6201, as stated earlier.

While some prejudgment attachment schemes may be unlawful (e.g., in some instances where no pre-deprivation hearing is provided), nothing indicates that prejudgment attachments are *per se* unlawful or unconstitutional. The leading case on the matter is *Connecticut v. Doehr*, 501 U.S. 1 (1991) (prejudgment attachment without prior notice or hearing and without showing

of exigent circumstance violates due process). New York's statutory scheme does not seem to contravene *Doehr*. Indeed, as Professor Vincent C. Alexander has observed, "[the New York statute] appears to be consistent with the U.S. Supreme Court's most recent pronouncement on the constitutionality of attachment procedures." *See* Vincent C. Alexander, Supplemental Practice Commentaries, McKinney's CPLR § 6201 (2012) (citing *Doehr*); *Weston Cap. Adv., Inc. Pension Fund v. PT Bank Mutiara Tbk*, No. 13-cv-6945, 2013 WL 6084402, at *3 (S.D.N.Y. 2013) (citing *AMF, Inc. v. Algo Dists., Ltd.*, 48 A.D.2d 352, 358-59 (N.Y. App. Div. 2d Dep't 1975) for the proposition that § 6201 is constitutional).

Yoketing and Trinh have not argued that the specific requirements for an attachment have not been satisfied. Indeed, the Bank defendants in this case, along with plaintiff Christina, presented Judge Orenstein with credible evidence suggesting that Yoketing and Trinh were attempting to evade payment of a potential future judgment. The evidence here included Yoketing and Trinh's encumbrance of numerous real properties occurring during the period immediately proceeding Christina's inception of this litigation. Pl.'s Mot. Attachment, ECF No. 183, at 3. Judge Orenstein's orders cannot be deemed clearly erroneous, and I therefore reject Yoketing and Trinh's Rule 72(a) objections and affirm Judge Orenstein's orders (1) imposing what he referred to as a "constructive trust"; and (2) denying Yoketing and Trinh's motion to vacate or modify that "constructive trust." The parties are advised that I expect to decide the pending cross motions for summary judgment within ten days.

**SO ORDERED.**

Brooklyn, New York
July 20, 2015

_____
Edward R. Korman
Senior United States District Judge