1

1            UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF NEW YORK
2
   - - - - - - - - - - - - - - - -X
3  CHRISTINA ENG EVINER,          : 13-CV-6940 (MKB)
                                   :
4          Plaintiff,             :
                                   : United States Courthouse
5       -against-                 : Brooklyn, New York
                                   :
6  YOKETING ENG, ET AL.,          :
                                   : Monday, July 22, 2019
7          Defendants.            : 10:00 a.m.
   - - - - - - - - - - - - - - - -X
8

9               TRANSCRIPT OF CIVIL CAUSE
                 FOR SETTLEMENT CONFERENCE
10      BEFORE THE HONORABLE MARGO K. BRODIE
               UNITED STATES DISTRICT JUDGE
11

12
                A P P E A R A N C E S :
13
   For the Plaintiff:        SORIANO, HENKEL, BIEHL & MATTHEWS
14                           75 Eisenhower Parkway
                             Roseland, New Jersey 07068
15                           BY:  FREDERICK C. BIEHL, III, ESQ.

16 For the Defendants        MELITO & ADOLFSEN, P.C.
   Yoketing Eng,             233 Broadway
17 Nicholas Eng, and         Suite 1010
   Benjamin Eng for          New York, New York 10279
18 the Estate of Trinh       BY:  STEVEN I. LEWBEL, ESQ.
   Eng:
19
   For the Defendant         DANBRIDGE LAW OFFICE
20 Anna Eng:                 1120 6th Avenue
                             4th Floor
21                           New York, New York 10036
                             BY:  SHERILYN R. DANBRIDGE, ESQ.
22
   For the Defendant         GIBBONS, P.C.
23 CitiBank and Bank         One Gateway Center
   of New York/Mellon:       Newark, New Jersey 07102-5310
24                           BY:  ROBERT K. MALONE, ESQ.

25

```
                          Proceedings                    2
```

Court Reporter:        DAVID R. ROY, RPR
                       225 Cadman Plaza East
                       Brooklyn, New York 11201
                       drroyofcr@gmail.com


Proceedings recorded by Stenographic machine shorthand,
transcript produced by Computer-Assisted Transcription.

                     P R O C E E D I N G S

                          --ooOoo--




         (In open court.)

         THE COURTROOM DEPUTY:  Civil cause for a

settlement conference, Docket Number 13-CV-6940, Eviner

versus Yoketing Eng, et al.

         Counsel, please state your appearance for the

record.

         MR. BIEHL:  Good morning, Your Honor.

Frederick C. Biehl, III, Soriano, Henkel, Biehl & Matthews,

attorneys for the Plaintiff Christina Eviner.

         THE COURT:  Good morning, Counsel.

         MR. LEWBEL:  Good morning, Judge.  Steven Lewbel,

Melito & Adolfsen, on behalf of Defendants Yoketing Eng and

the Estate of Trinh Eng by Nicholas Eng and Benjamin Eng, as

personal representatives.

         THE COURT:  Good morning, Counsel.

```
                       Proceedings                    3
```

1          MR. MALONE:  Good morning, Your Honor.

2   Robert Malone of Gibbons, PC, appearing on behalf of

3   CitiBank and Bank of New York, Your Honor.

4          THE COURT:  Good morning.

5          MS. DANBRIDGE:  Good morning, Your Honor.

6   Sherilyn Danbridge of the Danbridge Law Office appearing on

7   behalf of Anna Eng.

8          THE COURT:  Good morning.  And I ask that you each

9   turn your mic on and you can remain seated in addressing the

10  Court.

11         So we are here today, if I understand correctly,

12  for the parties to put a settlement agreement on the record?

13         MR. BIEHL:  That's correct, Your Honor.

14         MR. LEWBEL:  Correct, Your Honor.

15         THE COURT:  Okay.  Who wants to start?

16         MR. LEWBEL:  In addition, Your Honor, I have my

17  clients here.  I would like to have them allocute the

18  settlement on the record.  I'm willing to go over it, if

19  Mr. Biehl prefers --

20         MR. BIEHL:  That's fine.

21         MR. LEWBEL:  -- and do it that way.

22         THE COURT:  All right.  Why don't you go over it.

23  Your clients can come forward and you can have them sit at

24  counsel table with you, I will have them put their names on

25  the record.

1          MR. LEWBEL:  Okay.

2          (Pause in proceedings.)

3          MR. LEWBEL:  Your Honor, the parties to this

4    matter have reached a global, full settlement of this case

5    of all claims within this litigation which resolve this case

6    for all times.

7          THE COURT:  Okay.

8          MR. LEWBEL:  The agreement to settle has been

9    memorialized at this point in a draft settlement agreement

10   and mutual release, which has been distributed to all

11   counsel, in addition has been distributed to my clients.

12   That agreement is currently in draft; however, the

13   additional provisions that were discussed over the last few

14   days have been circulated among all parties and have been

15   agreed to by all parties.  A final draft of that agreement,

16   I understand Mr. Biehl's office will be preparing today, and

17   it will be circulated for review and signature by all

18   parties probably in the next couple of days.  Once that

19   agreement is signed by all parties, that will trigger

20   certain obligations and responsibilities under the

21   agreement, specifically my clients, the Estate, and Yoketing

22   Eng will be making payments in this case to the plaintiff as

23   well as to CitiBank.  Once those payments clear, at that

24   point the parties will be submitting to the Court a

25   stipulation on consent to cancel and discharge the

Proceedings                                    5

1   constructive trust that is currently in place in this case

2   under Docket Entries 196 and 284.  That constructive trust

3   will be canceled in its entirety, and we would request that

4   it be so ordered.

5            The only thing I don't know, Judge, is do you want

6   me to submit that Your Honor or to

7   Magistrate Judge Orenstein, who was the magistrate judge who

8   signed that trust?

9            THE COURT:  You do submit it to me, Counsel.

10           MR. LEWBEL:  Thank you, Judge.

11           In addition, we will be submitting a stipulation

12  of dismissal with prejudice of all claims, and that will be

13  filed on the Pacer filing docket.  And at that point,

14  the Court Clerk will terminate and seal the record because

15  there are confidentiality provisions within this agreement.

16           THE COURT:  The stipulation itself?

17           MR. LEWBEL:  Yes.

18           THE COURT:  Okay.

19           MR. LEWBEL:  Yes, correct, in the settlement

20  agreement, Judge.

21           THE COURT:  So is it the stipulation that will

22  have confidential information or the settlement agreement?

23           MR. LEWBEL:  The settlement agreement has

24  confidential information.  The stipulation of dismissal does

25  not.  It's a generic stipulation.  So that's the document

```
                       Proceedings                    6
 1   we're going to be filing.
 2           THE COURT:  Right.  The stipulation itself?
 3           MR. LEWBEL:  Yes, Judge.
 4           THE COURT:  You do not have to file the settlement
 5   agreement, unless you want to.
 6           MR. LEWBEL:  We do not --
 7           MR. YOKETING ENG:  No.
 8           MR. LEWBEL:  We do not want to file it.
 9           I imagine there's no objection to that.
10           MS. DANBRIDGE:  I don't have any objection.
11           MR. MALONE:  No objection, Your Honor.
12           THE COURT:  And the stipulation itself, to the
13   extent you want the Court to retain jurisdiction over any
14   issues with the settlement agreement, you need to specify
15   that in the stipulation.
16           MR. LEWBEL:  Yes, Judge, I'll do that.
17           THE COURT:  But you only need to file the
18   stipulation.
19           MR. LEWBEL:  Correct.
20           And, of course, prior to that, we will file the
21   order discharging -- the consent order discharging and
22   canceling the constructive trust.
23           THE COURT:  Yes.
24           And so do you want to put the terms of the
25   settlement on the record or you do not want to?  It is
```

Proceedings                                7

 1   totally up to you.

 2          MR. LEWBEL:  I would prefer not to put the terms

 3   on the record, unless Counsel just want me to put the number

 4   on the record.  But that's up to everyone else.

 5          MR. BIEHL:  For the plaintiff, Your Honor, we

 6   don't need that on the record.

 7          THE COURT:  Okay.

 8          MR. LEWBEL:  We don't either.

 9          I'm going to ask my clients if they've read the

10   settlement agreement and agree to the terms, including the

11   amount that they are going to be paying.

12          THE COURT:  Okay.

13          MR. LEWBEL:  So we would prefer not to put the

14   actual terms.

15          I don't know if the Court wants me to mark it as a

16   court exhibit for purposes of today when I question them,

17   but I don't believe it's necessary once I question them if

18   they've read it.

19          THE COURT:  You do not need to, Counsel.

20          MR. LEWBEL:  Thank you, Judge.

21          THE COURT:  Why don't you proceed?

22          MR. LEWBEL:  Okay.  I would like to call

23   Mr. Yoketing Eng.

24          Can I do it --

25          THE COURT:  You can do it right there at counsel

```
                          Proceedings                    8
```

1   table --

2          MR. LEWBEL:  Okay.

3          THE COURT:  -- unless you want to put your clients

4   under oath.  It is up to you.

5          MR. LEWBEL:  I would like to put my clients under

6   oath.

7          THE COURT:  Okay.  Why don't you take the stand,

8   then.

9          MR. LEWBEL:  Yoketing, why don't you please take

10  the stand.

11         MR. YOKETING ENG:  Thank you.

12         THE COURT:  Come on up, sir.

13         (The witness takes the witness stand.)

14         THE COURT:  And may I ask you to stand and please

15  raise your right hand.

16  **Y O K E T I N G   E N G**,

17         called as a witness having been.

18         first duly sworn/affirmed, was examined and

19         testified as follows:

20         THE COURTROOM DEPUTY:  Please state and spell your

21  name for the record.

22         THE WITNESS:  Yoketing Eng.

23         THE COURT:  All right.  You can sit down.  Push

24  the mic out of your way.

25         THE WITNESS:  Okay.

1          THE COURT:  Have a seat.

2          THE WITNESS:  Thank you.

3          THE COURT:  Pull the mic towards you, and state

4   and spell your name for the record.

5          THE WITNESS:  Yoketing Eng, Y-O -- first name,

6   Y-O-K-E-T-I-N-G; last name Eng, E-N-G.

7          THE COURT:  Okay.  Thank you.

8          Please proceed, Counsel.

9          MR. LEWBEL:  Thank you, Your Honor.

10  EXAMINATION

11  BY MR. LEWBEL:

12  Q    Mr. Eng -- or Yoketing, good morning.

13  A    Good morning.

14  Q    You can remain seated.

15  A    Thank you.

16  Q    Mr. Eng, are you suffering from any mental or physical

17  disability that you're aware of --

18  A    No.

19  Q    -- that would affect your ability to give true, full

20  answers here today?

21  A    No, I'm not.

22  Q    Are you on any medication or was there any medication

23  that you were supposed to take that you did not take that

24  you are aware of that would affect your ability to give

25  truthful answers here today?

1   A    No.

2   Q    Please give us your age, but not your date of birth.

3   A    I'm 54.

4   Q    Are you represented by Melito & Adolfsen in this case?

5   A    Yes.

6   Q    Did you direct or authorize my firm to enter into

7   settlement negotiations regarding the matter that brings us

8   here today?

9   A    Yes.

10  Q    And have I advised you that as a result of those

11  negotiations, a settlement has been reached in this matter?

12  A    Yes.

13  Q    All right.  And in connection with that settlement, did

14  I provide you with a written agreement that memorializes or

15  addresses the terms of that settlement?

16  A    Yes.

17  Q    Did you read that agreement?

18  A    Yes.

19  Q    Okay.  In connection with reading that agreement, did

20  you also have consultation with my office on the terms and

21  conditions of that agreement?

22  A    Yes.

23  Q    And at that point, did I explain to you the terms of

24  the agreement?

25  A    Yes.

1    Q    And did I do that in the company of Benjamin Eng and

2    Nicholas Eng, who are personal representatives of Trinh

3    Eng's Estate?

4    A    Yes.

5    Q    Did I explain the agreement and its terms to your

6    satisfaction?

7    A    Yes.

8    Q    Do you understand that under the agreement that one of

9    your obligations is to make certain payments in this matter?

10   A    Yes.

11   Q    Okay.  And do you agree to make those payments?

12   A    Yes.

13   Q    And do you understand that in connection --

14        THE COURT:  Slow down your questioning a little

15   bit, Counsel.

16        MR. LEWBEL:  I'm sorry.

17        THE COURT:  Go ahead.

18   BY MR. LEWBEL:

19   Q    And in connection with making those payments, do you

20   understand that once those payments are made, the

21   constructive trust that's in place in this case will be

22   canceled?

23   A    Yes.

24   Q    And do you also understand that once those payments are

25   made and that constructive trust is canceled, the

1    obligations that you have under that constructive trust will

2    no longer be in effect; are you aware of that?

3    A    Yes.

4    Q    And do you understand that the properties that are

5    within that constructive trust once the payments are made,

6    will be released to you?

7    A    Yes.

8    Q    Did I also explain the other terms and conditions of

9    the agreement to you?

10   A    Yes.

11   Q    And are you still willing to go forward with the

12   settlement?

13   A    Yes.

14   Q    Do you understand that you do have the right to have a

15   trial by jury of this case?

16   A    Yes.

17   Q    And do you understand that in such a trial, a jury may

18   find that you don't owe any money?

19   A    Yes.

20   Q    Do you understand that a jury may find that you owe

21   less than you're agreeing to pay in this matter?

22   A    Yes.

23   Q    Do you understand that a jury may find that you owe

24   more --

25   A    Yes.

1  Q     -- that you're agreeing --

2  A     Yes.

3  Q     Okay.  Are you willing to give up your right to a trial

4  by jury and resolve this case under the terms and conditions

5  of that settlement agreement?

6  A     Yes.

7  Q     Are you also aware that by settling this case, you are

8  giving up your right to appeal any of the decisions that

9  were made in this case during the course of this matter by

10  the Court?

11  A     Yes.

12  Q     Are you willing to enter into the settlement agreement

13  and give up your right to those appeals?

14  A     Yes.

15  Q     And do you also understand that by settling this case,

16  that this case will be over for all time?

17  A     Yes.

18  Q     That you will never be able to come back to court if

19  you have a change of heart, if you want to try a do-over,

20  those things will not be available to you by settling this

21  case today?

22  A     Yes.

23  Q     Are you still willing to go forward and settle the case

24  today?

25  A     Yes.

1   Q    And do you also understand that in addition to the

2   payment that you're making to resolve this case, there is

3   still an outstanding invoice from my firm dated June 26,

4   2017 -- excuse me, June 26, 2019 that you need to review and

5   address?

6   A    Yes.

7   Q    And did I also explain to you that for certain services

8   my firm rendered from June 26, 2019 up until final

9   conclusion for this case, there will be one additional

10  invoice that you will need to review and address?

11  A    Yes.

12  Q    Are you still willing to go forward with the settlement

13  of this case?

14  A    Yes.

15  Q    In connection with the settlement that you're entering

16  into today, has anyone pressured you, coerced you, or forced

17  you to enter into this settlement?

18  A    No.

19  Q    Are you entering into this settlement of your own free

20  will and sound mind?

21  A    Yes.

22  Q    And are you satisfied with the services that you

23  received from the Law Firm of Melito & Adolfsen in this

24  litigation?

25  A    Yes.

1   Q    Are you satisfied with the services that you received

2   from Attorney Steven Lewbel --

3   A    Yes.

4   Q    -- in connection with this action?

5   A    Yes.

6   Q    Given the testimony that you have given and the

7   questions that I have asked you, are you still willing to go

8   forward with the settlement?

9   A    Yes.

10  Q    Do you have any questions for me at this time

11  concerning the settlement?

12  A    After I enter into the settlement -- after I -- after

13  I sign the settlement, how long will it take to release the

14  properties from the constructive trust?

15  Q    What we addressed in the settlement agreement that

16  there is an mechanism in place as to once all of the checks

17  clear and that a document will be submitted to the Court,

18  and once the Court is satisfied with that document and

19  enters an order, then the constructive trust will be

20  released.

21       Are you still willing to go forward -- is that

22  response to your satisfaction?

23  A    It's -- it's satisfactory, but I don't understand what

24  the -- what's -- what is the time period?

25  Q    The time period is once the Court --

1    A    Oh, my god...

2    Q    -- signs the order and the order is circulated among

3    all counsel.

4         THE COURT:  It sounds like the question is, What

5    happens before the order gets to the Court.

6    BY MR. LEWBEL:

7    Q    Before the order gets to court, the checks have to be

8    paid.  They have to be transferred to the payees, to

9    Christina and to CitiBank.  And once those checks clear,

10   then within five days an order will be submitted to the

11   Court on consent, and once the Court enters that order, then

12   the properties will be released.

13        Is that acceptable to you?

14   A    Yes.

15   Q    Do you have any other questions for me?

16   A    No.

17   Q    Do you need an adjournment at this time to discuss the

18   issue regarding the clearance of the checks and the

19   canceling of the constructive trust?

20   A    No.

21        MR. LEWBEL:  Judge, I have no further questions

22   for this witness.

23        THE COURT:  Okay.  You may step down.

24        THE WITNESS:  Thank you.

25        (The witness exits the witness stand.)

Nicholas Eng - Examination - Lewbel          17

1          THE COURT:  Is there a need to put any of the

2     other two individuals on the stand?

3          MR. LEWBEL:  I just want to put Nicholas on

4     briefly just for one purpose, Judge.

5          THE COURT:  Okay.

6          MR. LEWBEL:  Nicholas, will you take the stand?

7          THE COURTROOM DEPUTY:  Please raise your right

8     hand.

9     **N I C H O L A S   E N G**,

10          called as a witness having been.

11          first duly sworn/affirmed, was examined and

12          testified as follows:

13          THE COURTROOM DEPUTY:  Please state and spell your

14     name for the record.

15          THE WITNESS:  Nicholas Eng.

16          THE COURT:  Go ahead and spell it, please.

17          THE WITNESS:  N-I-C-H-O-L-A-S, is the first name;

18     and Eng, E-N-G, is the last name.

19          THE COURT:  Have a seat, Mr. Eng.

20          (The witness takes the witness stand.)

21          THE COURT:  Please proceed, Counsel.

22          MR. LEWBEL:  Thank you, Your Honor.

23     EXAMINATION

24     BY MR. LEWBEL:

25     Q    Nicholas, are you personal representative of the Estate

1   of Trinh Eng?

2   A    I am.

3   Q    And give us your age, not your date of birth.

4   A    Twenty-eight.

5   Q    Was Trinh Eng your mother?

6   A    Yes.

7   Q    Were you present in the courtroom when I questioned

8   Yoketing Eng a few minutes ago?

9   A    Yes.

10  Q    And is Benjamin Eng also a personal representative of

11  the Estate?

12  A    Yeah -- yes.

13  Q    What is your relationship to Benjamin Eng?

14  A    Benjamin Eng is my brother.

15  Q    Is Benjamin Eng in the courtroom here today?

16  A    He is.

17  Q    Is Benjamin Eng sitting to the left of Yoketing Eng at

18  the same table that I'm sitting at?

19  A    Yes.

20  Q    Are you suffering from any physical or mental

21  disability that you're aware of that would affect your

22  ability to give truthful answers here today?

23  A    I am not.

24  Q    Are you on any medication or were there any medications

25  that you were supposed to take that you're aware of that

1    would affect your ability to give truthful answers here
2    today?
3    A    No.
4    Q    Other than your residence, your age, and your name, if
5    I were to ask you the exact same questions that I asked
6    Yoketing Eng regarding the settlement of this case, would
7    your answers be the same?
8    A    Yes.
9    Q    When I circulated the settlement agreement that brings
10   us here today, was Benjamin Eng present at the time we had
11   discussions about the agreement?
12   A    Yes, he was.
13   Q    Did I explain the settlement agreement to you to your
14   satisfaction?
15   A    Yes.
16   Q    Do you have any questions regarding that settlement
17   agreement?
18   A    I do not.
19   Q    Are you entering into -- on behalf of the Estate, did
20   you discuss the settlement agreement with Benjamin?
21   A    Yes.
22   Q    Do you or Benjamin have any objections to the
23   settlement agreement?
24   A    No objections.
25   Q    Are you satisfied -- or is the Estate of Trinh Eng

Nicholas Eng - Examination - Lewbel          20

1  satisfied with the services it received from

2  Melito & Adolfsen in this case?

3  A    Yes.

4  Q    And is the Estate of Trinh Eng satisfied with the

5  services it received from Attorney Steven Lewbel in this

6  case?

7  A    Yes.

8  Q    Are you willing to go forward with the settlement and

9  the obligations that are contained therein?

10  A    Yes.

11  Q    Are you satisfied with the mechanism that's in place as

12  I explained to Yoketing Eng regarding the release of the

13  properties after the settlement checks clear, after an order

14  is submitted to the Court, and after the Court enters that

15  order?

16  A    Very satisfied.

17  Q    I'm sorry?

18  A    Yes, very satisfied.

19  Q    Are you entering the settlement agreement of your own

20  free will?

21  A    Yes.

22       MR. LEWBEL:  I have no further questions,

23  Your Honor.

24       THE COURT:  Thank you.  You may step down.

25       THE WITNESS:  Thank you.

1          (The witness exits the witness stand.)

2          THE COURT:  Is there anything else that needs to

3     be put on the record by any parties?

4          MR. LEWBEL:  The only other thing I just wanted to

5     mention, and I had mentioned this to Mr. Biehl, is that my

6     clients are going to -- pursuant to the terms of this

7     agreement, they have to withdraw certain funds from the

8     constructive trust within a certain period of time, and the

9     only thing I wanted to mention is that their intension is to

10    do that within the time parameters in the agreement so long

11    as the bank is not requiring any other impediments to this,

12    other than withdrawing the money.

13         THE COURT:  I am not sure I am following you.

14         MR. LEWBEL:  Yeah --

15         THE COURT:  So are you looking to do it prior to

16    the order from the Court releasing --

17         MR. LEWBEL:  Yes.

18         THE COURT:  -- the constructive trust?

19         MR. LEWBEL:  Yes.

20         We have a provision in the order to make the

21    payments in this -- most of the payments in this agreement,

22    my clients are required to withdraw certain funds from the

23    trust.

24         THE COURT:  And are they able to do so without any

25    order from the Court?

Proceedings                    22

1          MR. LEWBEL:  According to this agreement, the

2   parties have agreed that they are allowed to withdraw the

3   certain funds solely for the purpose of making the payments,

4   but the properties will still remain in the agreements until

5   such time as those checks clear.  We've put a provision

6   within the agreement to do that.

7          I just want to make sure that that's not going to,

8   number one, run afoul of anything; and number two, that the

9   bank is not going to require any type of an order or any

10  type of --

11         THE COURT:  I don't know, Counsel.  I assume if

12  there's a constructive trust, that the bank will require

13  some documentation from the Court to allow anyone to

14  withdraw money.

15         MR. LEWBEL:  All right.  So what, we submit a

16  consent order on this?

17         MR. BIEHL:  That would be fine with me.  I have no

18  problem with doing that.

19         THE COURT:  Okay.  Counsel, is there anything else

20  we need the Court to be involved in?  This is something that

21  can be --

22         MR. LEWBEL:  Right.

23         THE COURT:  -- discussed amongst yourselves.  You

24  need to figure out from the bank whether or not you need

25  anything from the Court, and if so, you submit a consent

Proceedings                    23

1   order that the Court will promptly sign.

2           MR. LEWBEL:  Okay.  I have no further --

3           THE COURT:  This is not a conversation that you

4   need to have with the Court.

5           MR. LEWBEL:  I have nothing further from

6   the Court, Judge.

7           THE COURT:  All right.

8           Anyone else?

9           MR. BIEHL:  Your Honor, just one other item.

10  There is a reference in the settlement agreement to the bank

11  defendants, and we just want to put on the record that

12  CitiBank will take care of any other bank defendants and

13  that will be the one signatory for the settlement agreement

14  and the plaintiff is releasing all claims against the bank

15  defendants.

16          THE COURT:  Do you mean in that CitiBank is acting

17  on behalf of all the banks that have been identified?  I

18  believe CitiBank has always represented the other banks in

19  this proceeding.

20          MR. MALONE:  Your Honor, Robert Malone.  For the

21  record, that is correct.  There is an indemnification from

22  those banks.  CitiBank assumes that CitiBank has all the --

23          THE COURT:  Your mic is not on.

24          MR. MALONE:  Oh, I'm sorry.

25          THE COURT:  All right.  Go ahead.

```
                         Proceedings              24
```

1          MR. MALONE:  Again, Your Honor, Robert Malone of

2   Gibbons, P.C. for the bank defendants.

3          Your Honor, CitiBank by virtue of the

4   indemnification took over complete defense, and also as part

5   of that, has the right to settle or compromise any claims

6   whatsoever with respect to all the bank defendants.  They

7   were left as a named defendant, but as far as the ability to

8   settle this case, we have the full authority.

9          THE COURT:  And you will be acting on behalf of

10  all of them?

11         MR. MALONE:  That is correct, Your Honor.

12         THE COURT:  Anything else, Counsel?

13         MR. BIEHL:  Nothing else from the plaintiff,

14  Your Honor.  Thank you so much.

15         MR. LEWBEL:  Nothing else, Judge.

16         THE COURT:  Then we are adjourned, and I will

17  expect the documentations.

18         MR. LEWBEL:  Thanks, Judge.

19         THE COURT:  Have a good day, everyone.

20         MR. BIEHL:  Thank you, Your Honor.

21         THE COURT:  I'm glad the parties were able to

22  resolve this.

23         (Matter concluded.)

24                    --oo0oo--

25



INDEX                                                    25

*I  N  D  E  X*

*W I T N E S S E S*

**Y O K E T I N G   E N G**

EXAMINATION                                              9
BY MR. LEWBEL

**N I C H O L A S   E N G**

EXAMINATION                                              17
BY MR. LEWBEL

*I (we) certify that the foregoing is a correct transcript
from the record of proceedings in the above-entitled matter.*

*/s/ David R. Roy*              *16th Day of August, 2019*
*DAVID R. ROY*                         *Date*